IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ROBERT N. SMITHBACK | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1858-N |
| | § | |
| JUDGE BARBARA M.G. LYNN | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Robert Norman Smithback, a Texas prisoner who has been prohibited from pursuing any action in the Northern District of Texas without leave of court, seeks leave to file a criminal complaint against Judge Barbara M.G. Lynn, the judge who issued the sanction order.[1] It is well-settled that "a private citizen . . . cannot initiate a federal criminal prosecution because that power is vested exclusively in the executive branch." *See Florance v. Buchmeyer*, 500 F.Supp.2d 618, 635 (N.D. Tex. 2007), *citing United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Because plaintiff has no legal standing to file a criminal complaint against Judge Lynn, his motion for leave to file such a complaint should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[1] Judge Lynn sanctioned Smithback in a prior case for engaging in "contumacious conduct" by violating numerous court orders. *See Smithback v. State of Texas*, No. 3-07-CV-0288-M, Or. at 1 (N.D. Tex. May 24, 2007).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE